790 F.2d 1360
 Titus E. AARON, Petitioner-Appellant,
v.
Ted PEPPERAS, Warden, New Mexico Penitentiary and John K.
Van De Kamp, Attorney General of the State of
California, Respondents-Appellees.
 No. 85-6453.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 5, 1986.*
Decided May 16, 1986.
 
 1
 Titus Edwin Aaron, pro se.
 
 
 2
 Donald F. Roeschke, Deputy Atty. Gen., Los Angeles, Cal., for respondents-appellees.
 
 
 3
 On Appeal From the United States District Court for the Central District of California.
 
 
 4
 Before BROWNING, Chief Judge, and KENNEDY and BEEZER, Circuit Judges
 
 ORDER
 
 5
 Titus Edwin Aaron appeals the district court's denial of his petition for a writ of habeas corpus. We find that this case is moot and, therefore, dismiss the appeal for lack of jurisdiction.
 
 
 6
 Aaron was convicted of seven counts of forgery in the Superior Court of San Bernardino County, California. Following Aaron's conviction, criminal proceedings were suspended. In civil proceedings, Aaron was committed to the California Rehabilitation Center (CRC) for treatment for narcotics addiction.[1] The court did not impose a criminal sentence at that time.
 
 
 7
 When Aaron's term of civil commitment expired, criminal proceedings were reinstated. The superior court held a hearing to determine whether to (1) suspend or terminate further proceedings, (2) modify the sentence, or (3) order execution of the sentence and deem the sentence served. See Cal.Welf. & Inst.Code Sec. 3201. On the state's recommendation, the court sentenced Aaron to four years imprisonment, which represented the amount of time Aaron had served in the CRC. The court deemed the sentence fully served and released Aaron.[2]
 
 
 8
 Aaron exhausted his state remedies and filed a petition for a writ of habeas corpus in district court. The court denied his petition. Aaron now appeals.
 
 
 9
 The gravamen of Aaron's petition is that the public defender who represented Aaron at the sentencing hearing was ineffective. Aaron contends that counsel should have urged the court to impose a less stringent sentence. Aaron maintains that if the superior court had granted probation rather than imposing a four year sentence and deeming it served, Aaron might avoid the possibility of enhanced sentencing in the future. Aaron also contends that the sentence adversely affects his right to vote and hold public office.
 
 
 10
 An attack on a felony conviction generally is not rendered moot by the fact that the defendant has satisfied the sentence. Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968). The collateral consequences of the conviction ensure that a defendant has a "substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Id. at 237, 88 S.Ct. at 1559 (quoting Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)).
 
 
 11
 However, Aaron does not attack the validity of his conviction. Aaron merely contests the imposition and duration of his sentence. "Nullification of a conviction may have important benefits for a defendant, ... but urging in a habeas proceeding the correction of a sentence already served is another matter." North Carolina v. Rice, 404 U.S. 244, 248, 92 S.Ct. 402, 405, 30 L.Ed.2d 413 (1971). As the Supreme Court recently has noted, "[c]ollateral review of a final judgment is not an endeavor to be undertaken lightly. It is not warranted absent a showing that the complainant suffers actual harm from the judgment that he seeks to avoid." Lane v. Williams, 455 U.S. 624, 632 n. 13, 102 S.Ct. 1322, 1327-28 n. 13, 71 L.Ed.2d 508 (1982). The possibility that the imposition of a prison sentence may appear relevant to a judge or a parole commission in subsequent proceedings does not constitute actual harm. See id. at 632-33 & n. 13.[3] The remaining disabilities of which Aaron complains are unaffected by any errors in a sentence that has been served. See Cal.Elec.Code Secs. 707, 708 (West Supp.1986) (persons "currently imprisoned or on parole for conviction of a felony" cannot vote); Cal.Gov.Code Sec. 1021 (West 1980) (person convicted of certain crimes cannot hold public office); see also Cal.Civ.Proc.Code Sec. 199(b) (West 1982) (person convicted of felony may not sit on a jury).
 
 
 12
 Since Aaron has shown no actual harm, no live controversy exists. We are without jurisdiction to decide the merits of this appeal.
 
 
 13
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 [1]
 See generally Cal.Welf. & Inst.Code Secs. 3050-3201 (governing civil commitment of convicted offenders for treatment of narcotics abuse)
 
 
 [2]
 The court released Aaron to the custody of the New Mexico officials for execution of a sentence on an unrelated New Mexico conviction. Aaron is now on parole in New Mexico
 
 
 [3]
 We note as an aside that imposition of a prison sentence based on a forgery conviction does not expose a defendant to enhanced sentencing. See Cal.Penal Code Sec. 667.5 (West Supp.1986)