829 F.2d 800
 David L. COX, Michael Hartnett, individually and on behalf
of all others similarly situated, Petitioners-Appellants,
v.
Dan McCARTHY, Director, California Department of Correction,
et al., Respondents-Appellees.
 No. 87-1645.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 13, 1987.
Decided Oct. 1, 1987.
 
 Michael Satris, Bolinas, Cal., for petitioners/appellants.
 Richard Thomson, Sacramento, Cal., for respondents/appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before CHAMBERS, SNEED and TANG, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Two petitioners challenge in habeas corpus the constitutionality of a 1984 amendment to the California Penal Code as applied to them. They invoke the Ex Post Facto Clause of the United States Constitution. The district court rejected this claim on the merits. We dismiss because the cases are now moot.
 
 I.
 FACTS AND PROCEEDINGS
 
 2
 Under Cal.Penal Code Sec. 3057(c), which took effect on January 1, 1984, persons imprisoned for parole violations may incur additional periods of incarceration for misconduct committed inside the penitentiary. Petitioners were both on parole from felony convictions when Sec. 3057(c) became effective. They subsequently violated parole, were reconfined for fixed terms, and were then held in custody beyond those terms pursuant to the new law.[1]
 
 
 3
 Petitioners filed for habeas corpus in federal district court while still in custody. They contended that Sec. 3057(c) could not constitutionally be applied to parolees who committed their crimes prior to January 1, 1984. The lower court denied their petitions on the merits.
 
 
 4
 The district court rendered its decision in December 1986. By this time, petitioner Cox had already served his additional term and had been released on parole. Hartness finished his additional term in February 1987, and was also paroled thereafter. Pending this appeal, both petitioners once again committed parole violations and once again were reconfined. This time, however, neither Cox nor Hartness can be further subjected to Sec. 3057(c). The reason is that California has established maximum periods beyond which originally paroled convicts may no longer be kept in custody or on parole. See Cal.Penal Code Sec. 3000 (Deering Supp.1987). This provision expressly overrides Sec. 3057.[2] In petitioners' case, the maximum period is four years from the date of their initial parole. See id. Sec. 3000(a), (d). For both, this period will expire before the end of their currently specified terms of confinement. The result is that both will be absolutely discharged before the end of their current terms and cannot be held further pursuant to Sec. 3057(c).
 
 
 5
 Neither petitioners nor respondent raised the issue of mootness on appeal. Noticing the problem, however, we asked for supplemental briefing. After further review, we conclude with some reluctance that the petitions are indeed moot. Therefore, we express no opinion on the merits of the underlying constitutional challenge to the statute.
 
 II.
 DISCUSSION
 
 6
 A prisoner's release from custody pending appeal does not affect the reviewing court's statutory jurisdiction to hear his habeas petition. See Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Mootness, however, goes to our constitutional jurisdiction, not our statutory jurisdiction. Under Article III, we may not entertain an appeal if there is no longer a live case or controversy before us.
 
 
 7
 It is clear that the direct consequences of the state action challenged here can no longer be remedied in habeas. Petitioners cannot be released from a term of incarceration that they have already served. Were petitioners seeking to vacate their original convictions, then the collateral consequences would be sufficient to overcome mootness. See Sibron v. New York, 392 U.S. 40, 54-55, 88 S.Ct. 1889, 1898-99, 20 L.Ed.2d 917 (1968). But petitioners do not challenge their convictions. They do not even challenge the finding, which was a predicate to the application of Sec. 3057(c), that they committed serious acts of misconduct while in prison. They object solely to the penalty--the additional incarceration--imposed on them for these acts.
 
 
 8
 Moreover, petitioners cite no collateral consequences of this incarceration per se. The record of petitioners' misconduct may have potential collateral consequences within the penal system, but these consequences will persist regardless of any holding on the constitutionality of the additional incarceration. "Any disabilities that flow from whatever [petitioners] did to evoke [extension of their prison terms] are not removed--or even affected--by a District Court order that simply recites that their [extended] terms are 'void.' " Lane v. Williams, 455 U.S. 624, 633, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982) (petitioner's complete release mooted his claim that he could not be imprisoned for parole violations). Hence the collateral consequences rule is unavailing to these petitioners. See id.; Brady v. United States Parole Comm'n, 600 F.2d 234, 236 & n. 2 (9th Cir.1979).
 
 
 9
 Petitioners seek to escape mootness by contending that their situation is "capable of repetition, yet evading review." Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). No doubt Sec. 3057(c) will be applied again to prisoners convicted prior to 1984. It is also clear that the shortness of the incarceration terms under Sec. 3057(c)--the longest term possible for a single act of misconduct is 180 days--virtually guarantees that no habeas petition raising the ex post facto challenge could be fully reviewed before the petitioner had served his term. But these factors alone are not sufficient. The capable-of-repetition doctrine "is applicable only when there is a 'reasonable expectation that the same complaining party would be subjected to the same action again.' " Williams, 455 U.S. at 634, 102 S.Ct. at 1328 (emphasis added) (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). In this case, as noted above, it is impossible for either petitioner again to be subjected to an allegedly ex post facto application of Sec. 3057(c). Thus, under the applicable precedent, this final avenue out of mootness is also closed to these petitioners.
 
 
 10
 Recognizing these difficulties, petitioners invite us to eliminate the "same plaintiff" test and thus to modify the capable-of-repetition doctrine in their cases. With some hesitancy, we decline this invitation. Our hesitancy is rooted in the following considerations.
 
 
 11
 First, petitioners are correct in saying that we have the power to make an exception here. Notwithstanding Williams, which appeared to make the "same plaintiff" test an absolute requirement of the capable-of-repetition doctrine, the Supreme Court more recently stated that this doctrine applies "generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." City of Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983) (emphasis added). Petitioners argue that this general rule should not be applied to them. The argument has weight.
 
 
 12
 Little of this weight, however, is derived from petitioners' contention that their claim should receive exceptional treatment simply because it comes before us in habeas corpus. They point to the sweep and scope of the "Great Writ." See, e.g., Fay v. Noia, 372 U.S. 391, 399-400, 83 S.Ct. 822, 827-28, 9 L.Ed.2d 837 (1963). Unfortunately for petitioners, the fact that they are in habeas proceedings works against them on the mootness issue. See Williams, 455 U.S. at 632 n. 13, 102 S.Ct. at 1327 n. 13 (relying on the fact that petitioners were collaterally attacking a final judgment in holding that mootness rules be strictly applied); 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3533.4, at 310-11 (2d ed. 1984) (suggesting that mootness inquiry should be more stringent in habeas attacks on state judgments). Williams was itself a habeas claim involving a state prisoner.
 
 
 13
 Petitioners' argument derives its weight from the fact that it seems quite likely that no claimant will ever be able to satisfy the "same plaintiff" test. Once a prisoner has finished serving his extended Sec. 3057(c) term, he is released. Even if he is still on parole, the possibility that he will again be subjected to Sec. 3057(c) depends on a double speculation: first that he will violate his parole terms and be reconfined, and second that he will violate prison rules. It is very doubtful that any parolee in such circumstances could show the requisite "demonstrated probability" of recurrence. Bradford, 423 U.S. at 149, 96 S.Ct. at 349 (no demonstrated probability that completely released prisoner would again be subject to parole regulations). The first prong alone--violating parole--has been held too speculative a basis to invoke the capable-of-repetition doctrine. See United States ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir.1984).[3]
 
 
 14
 This possibility that no one can satisfy the "same plaintiff" test could tip the balance toward modification of the capable-of-repetition analysis. Certainly we would not want to make it possible for a state to pass and to enforce a law violating the constitutional rights of an entire class of persons without any federal judicial remedy. We reject modification, however, because there remains a method by which persons subject to Sec. 3057(c) can avoid mootness and obtain review. That method is not a damages action, which in this context would almost certainly run afoul of the Eleventh Amendment or the individual state actors' personal immunity. Cf. Lyons, 461 U.S. at 109, 103 S.Ct. at 1669 (damages action against city and city police officers prevented claim from evading review). Instead the method available is a habeas corpus class action.
 
 
 15
 This court has held that a class action may lie in habeas corpus. See Mead v. Parker, 464 F.2d 1108, 1112-13 (9th Cir.1972) (Duniway, J.). Such actions are ordinarily disfavored, but the fact that no other avenue is available to escape mootness would strongly support class certification here. Cf. Napier v. Gertrude, 542 F.2d 825, 828 (10th Cir.1976), cert. denied, 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 765 (1977). In a class action, the fact that the named plaintiffs' particular claims have become moot does not moot the entire case. See Sosna v. Iowa, 419 U.S. 393, 401, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975); Dunn v. Blumstein, 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 998 n. 2, 31 L.Ed.2d 274 (1972). In fact, petitioners sought class certification below; had they appealed the denial of certification, our analysis of the mootness issue would be considerably altered. See Napier, 542 F.2d at 827-28.
 
 
 16
 Because other inmates subject to Sec. 3057(c) may bring a class habeas action to resolve the ex post facto claim, we cannot say such claim will necessarily evade review. Thus, we have no reason to relax the "same party" requirement of the capable-of-repetition doctrine. Because petitioners cannot meet that requirement, we must dismiss the appeals before us as moot. The judgment below is vacated. See Brady, 600 F.2d at 236.
 
 
 17
 The appeal is DISMISSED. The district court will vacate its judgment and dismiss the proceedings as moot.
 
 
 
 [1]
 Petitioner Cox attempted to obtain a second portion of food in the prison refectory, and then threw his tray at a prison guard who stopped him from doing so. He incurred an additional ninety days of incarceration. Petitioner Hartness wrote letters to a certain woman in violation of the terms of his parole. His confinement term was extended by fifteen days
 
 
 [2]
 Section 3000 introduces its provisions with the phrase, "Notwithstanding any provision to the contrary in Article 3 (commencing with Section 3040) of this chapter." Section 3057 is part of Article 3. See Cal.Penal Code art. 3, at 233 (table of sections) (Deering 1980); see also In re Philpott, 163 Cal.App.3d 1152, 1158, 210 Cal.Rptr. 95, 98 (1985) (four year maximum period under Sec. 3000 overrides reconfinement authorization of Sec. 3057(a))
 
 
 [3]
 Moreover, courts are in general still more reluctant to invoke the capable-of-repetition doctrine when the possibility of recurrence for the plaintiff depends on his own wrongdoing. See 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3533.8, at 387-88 (2d ed. 1984). In such cases the plaintiff is "able--and indeed required by law--to prevent such a possibility from occurring." Williams, 455 U.S. at 633 n. 13, 102 S.Ct. at 1328 n. 13. A released parolee would have to commit two acts of serious wrongdoing before Sec. 3057(c) could be applied to him again. The double speculation of such an eventuality, coupled with its dependence on the petitioner's redoubled wrongdoing, renders it a near certainty that no petitioner will ever satisfy the "same plaintiff" test in its current form