944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan David CRAIG, Petitioner-Appellant,
v.
James ROWLAND, et al., Respondents-Appellees.
 No. 91-15209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan D. Craig, a California state prisoner, appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition as moot. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and affirm.
 
 
 3
 The petitioner's release from custody before the district court addresses the merits of a habeas petition generally renders the petition moot. Robbins, 904 F.2d at 494 (citing Lane v. Williams, 455 U.S. 624, 632 (1982)). The courts recognize an exception to this rule if the petitioner shows that he will suffer some collateral legal consequences if a challenged conviction is allowed to stand. Id. The setting of a prison sentence at a particular length of time does not cause any collateral consequences. Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir.1986) (citing North Carolina v. Rice, 404 U.S. 244, 248 (1971)). Nonetheless, a challenged finding of misconduct underlying a lengthened sentence, such as a prison record showing that a petitioner was disciplined for drug use or that his parole was revoked because of sexual contact with a minor, may cause collateral consequences such as diminished employment opportunities. White v. White, 925 F.2d 287, 290 (9th Cir.1991); Robbins, 904 F.2d at 496; cf. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (no collateral consequences where petitioners did not challenge findings of misconduct underlying parole revocation terms lengthened pursuant to allegedly unconstitutional statute).
 
 
 4
 Craig completed his prison term for second degree attempted murder on August 12, 1988. On March 16, 1990, when he filed his federal habeas petition, he was serving a separate, subsequent prison term for parole violations. In his habeas petition, he challenged the misconduct finding underlying his loss of 151 days of worktime credits against his original sentence by claiming that the prison disciplinary proceedings violated various of his constitutional rights. Thus, because Craig had served the sentence that was affected by the loss of worktime credits, his habeas petition was moot. See Robbins, 904 F.2d at 494. Moreover, because prison authorities found him guilty of manufacturing an inmate weapon, a finding less likely to affect his employment opportunities than a finding of drug use or sexual abuse, Craig has not demonstrated that he will suffer any collateral consequences. See id. at 496 (emphasizing social prejudices against drug use). We therefore affirm the district court's judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3