967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Roger BECKHAM, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 91-55526.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 1, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Roger Beckham, a California state prisoner, appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition on the merits. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and we dismiss the appeal as moot.[1]
 
 
 3
 The petitioner's release from custody before the district court addresses the merits of a habeas petition generally renders the petition moot. Robbins, 904 F.2d at 494 (citing Lane v. Williams, 455 U.S. 624, 632 (1982)); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987). The courts recognize an exception to this rule if the petitioner shows that he will suffer some collateral legal consequences if a challenged conviction is allowed to stand. Robbins, 904 F.2d at 494. The setting of a prison sentence at a particular length of time does not generally cause any collateral consequences. Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir.1986) (citing North Carolina v. Rice, 404 U.S. 244, 248 (1971)).
 
 
 4
 Here, Beckham was originally convicted of second degree burglary on October 19, 1983 and sentenced to five years in prison to be followed by a term of parole. Beckham was first paroled in July 1986, after serving just under three years of his prison term. Parole was revoked in April 1987, and he was returned to custody for twelve months. Beckham was again paroled in November 1987, and his parole was again revoked the following February.
 
 
 5
 While in jail on the parole revocation charges, Beckham assaulted another individual and was subsequently convicted in September 1989 of two counts of sodomy by use of force, two counts of forcible oral copulation, and two counts of rape with a foreign object. On October, 5, 1989, Beckham was discharged from the sentence imposed as a result of his 1983 burglary conviction and began serving a new term of imprisonment based on the 1989 sexual assault convictions.
 
 
 6
 Thus, when Beckham filed his federal habeas petition on February 6, 1990, he was serving a separate, subsequent prison term for a conviction on a different offense. In his habeas petition, Beckham contended that he had been imprisoned in excess of the statutory maximum period of physical incarceration permitted by the burglary statute under which he was convicted and sentenced. Because he has been discharged from the sentence imposed as a result of the 1983 burglary conviction, and because he has demonstrated no collateral consequences arising from imposition of that allegedly excessive sentence, we hold that Beckham's habeas petition has been rendered moot. See Robbins, 904 F.2d at 496; Cox, 829 F.2d at 804.
 
 
 7
 The appeal is DISMISSED. The district court will vacate its judgment and dismiss the proceedings as moot.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although neither party raises on appeal the question of mootness, we are nevertheless obligated to resolve the question of our own jurisdiction to consider an issue presented on appeal. See United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990)