981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Earl GAY, Plaintiff-Appellant,
v.
Daniel VASQUEZ, Warden, Defendant-Appellee.
 No. 92-16320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Earl Gay, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action challenging the conditions of the prison visitation program for Grade B classification prisoners.[1] He contends that the district court erred by dismissing his claim as moot because he was reclassified as a Grade A prisoner. Federal courts lack jurisdiction to decide moot cases; therefore, we review de novo the district court's decision on mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). We affirm.
 
 
 3
 "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (citing Sample, 771 F.2d at 1338). "The test for [reviewing a district court's finding of mootness] is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)). One exception to the doctrine of mootness is a situation where the wrong is "capable of repetition, yet evading review." Id. (citing Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987)). "A case is 'capable of repetition' only when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.' " Id. (quoting Cox, 829 F.2d at 803). Moreover, courts are hesitant to apply this exception when the possibility of recurrence for the appellant depends on his own wrongdoing. Id. (citing Cox, 829 F.2d at 804 n. 3).
 
 
 4
 Here, Gay appears to contend that he has a history of infractions and being placed in administrative segregation and is therefore likely to return to Grade B status and be subjected to the constitutional violations of which he complains.
 
 
 5
 Nevertheless, the possibility of recurrence depends wholly on Gay committing another infraction. Id. Therefore, we will not apply the repetition exception to the mootness doctrine. The district court properly dismissed Gay's action as moot.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grade B status is a heightened security status for condemned prisoners that constitutes punishment for disciplinary infractions and, in some cases, long-term segregation for prisoners deemed to pose extraordinary risks to security. Gay has served three terms on Grade B status for disciplinary infractions, but was reclassified Grade A prior to the district court's order to show cause dated January 6, 1992. On July 14, 1992, however, Gay was again placed in administrative segregation and returned to Grade B status