983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel TORQUATO, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 91-55548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Torquato, a former federal prisoner, appeals pro se the district court's order denying his 28 U.S.C. § 2241 habeas petition. He contends that the district court erred in denying him credit for time spent on pretrial release under "house arrest". We have no jurisdiction to hear this issue because it is moot. See Riemers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (citing Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987)).
 
 
 3
 "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Id. (citing Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.), cert. denied, 475 U.S. 1019 (1986)). " 'The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.' " Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)). One exception to the doctrine of mootness is a situation where the wrong is " 'capable of repetition, yet evading review.' " Id. (quoting Cox, 829 F.2d at 803). "A case is 'capable of repetition' only when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.' " Id. (quoting Cox, 829 F.2d at 803). Moreover, courts are hesitant to apply this exception when the possibility of recurrence for the appellant depends on his own wrongdoing. Id. (citing Cox, 829 F.2d at 804 n. 3).
 
 
 4
 Here, Torquato's habeas petition seeks: (1) an order granting him bail pending review of the petition; (2) an order directing the Bureau of Prisons to credit him for 339 days spent on pretrial release at home; and (3) an "order requiring the Bureau of Prisons to correct its opinion concerning the testing of the Attorney General's execution of sentences concerning halfway house credit as time spent in jail." Torquato has been released on parole since the filing of this petition.
 
 
 5
 Even if this court reviewed this case on the merits and decided in favor of Torquato, we would not be able to afford him any effective relief. He no longer needs bail pending review of the petition. Moreover, the sentence credit for the 339 days of pretrial release would be inconsequential as he has already been released from prison. Finally, the Bureau of Prisons opinion on jail time credit for time spent "in custody" prior to sentencing can have no impact on the computation of his sentence, as it has already been served. Therefore, we dismiss this action as moot.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3