995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael ZEBULON, Plaintiff-Appellant,
v.
Daphne BELETSIS, et al., Defendants-Appellees.
 No. 92-16856.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Zebulon appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as moot. Zebulon contends that a private law firm and its associates conspired to violate and did violate his civil rights by compelling him to undergo a deposition without the aid of a legal technician.[1]
 
 
 3
 Federal courts lack jurisdiction to decide moot cases. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). We review de novo the district court's decision on mootness. Id. We affirm.
 
 
 4
 * Mootness
 
 
 5
 "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (citing Sample, 771 F.2d at 1338). "The test for [reviewing a district court's finding of mootness] is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)). One exception to the doctrine of mootness is a situation where the wrong is "capable of repetition, yet evading review." Id. (citing Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987)). "A case is 'capable of repetition' only when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.' " Id. (quoting Cox, 829 F.2d at 803).
 
 
 6
 Here, Zebulon contends that the defendants conspired to violate and did violate his civil rights by denying him the "right" to have his legal technician present at a deposition in connection with an underlying civil suit.[2] Following Zebulon's refusal to be deposed, the Sonoma County Superior Court issued an order compelling Zebulon's deposition and permitting him to have his legal technician present. The order specified that the legal technician could not state objections, make motions, or speak on behalf of Zebulon unless he or she was a member of the State Bar of California.
 
 
 7
 Pursuant to that order, Zebulon appeared for his deposition with his legal technician. During that session of the deposition Zebulon consulted extensively with his technician. The deposition was not completed, but was scheduled to continue at a later date. On the date scheduled to resume the deposition, Zebulon appeared without his legal technician. The defendants did not prohibit Zebulon from having his legal technician present at the second session of the deposition.
 
 
 8
 Zebulon has already received the relief he sought. He was permitted to have his legal technician present at both sessions of his deposition. We cannot afford Zebulon any more effective relief than he has already received. Reimers, 863 F.2d at 632. Zebulon's request for injunctive relief is moot. Id. Accordingly, the judgment of the district court is affirmed.
 
 II
 Sanctions
 
 9
 The defendants seek an award of attorney's fees and double costs on appeal, pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. "Awarding sanctions for frivolous appeals lies in the sound discretion of this court." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 527 (9th Cir.1991). "An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of error are wholly without merit." Id. (citations omitted).
 
 
 10
 Here, the Sonoma County Superior Court specifically ordered that Zebulon's legal technician be allowed to be present at the deposition. Zebulon relied extensively on his legal technician's assistance during the first session of the deposition, but voluntarily opted not to have the technician present at the second session. Given these facts, the result of Zebulon's appeal of the district court's dismissal for mootness is obvious. See id. Accordingly, we grant the defendants' motion and award the defendants $500.00 and double costs as sanctions for filing a frivolous appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The crux of Zebulon's complaint is that California Business and Professions Code § 6125, which prohibits the unauthorized practice of law, is unconstitutional because it requires that anyone practicing law be an active member of the California Bar
 
 
 [2]
 Zebulon also contends that the state court judge in the underlying eviction action was part of the conspiracy to violate his civil rights. He claims the judge violated his equal protection rights by issuing sanctions against him in favor of the defendants. However, because Zebulon did not raise this issue in his complaint in the district court, we will not consider it for the first time on appeal. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990) (this court generally does not consider issues raised for the first time on appeal)