12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hagos G. GEBREAMLAK, Plaintiff-Appellant,
v.
Daniel B. VASQUEZ, Warden, et al., Defendant-Appellee.
 No. 93-15259.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 29, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Hagos Gebreamlak has filed a second petition for habeas corpus, asserting that his conviction for assault with a deadly weapon and his sentencing were infirm. In particular, he alleges (1) prosecutorial vindictiveness at trial, (2) failure by the trial court to order a new trial because of jury deadlock, (3) failure by the trial court to give a self-defense instruction to the jury, (4) ineffectiveness of counsel during sentencing, and (5) ineffectiveness of counsel in his state appeal. The district court dismissed Gebreamlak's petition, and he timely appealed. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm. Our review is de novo. Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1990).
 
 
 4
 * We initially consider whether Gebreamlak's appeal is moot. Gebreamlak served his sentence and was released from incarceration without parole on August 17, 1992. His release does not moot his attack against his conviction. Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985). However, it does moot his attack against his sentencing. Lane v. Williams, 455 U.S. 623, 631 (1982); Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir.1986). We will consider only Gebreamlak's justiciable claims.
 
 
 5
 The district court dismissed Gebreamlak's petition as an abuse of the writ under Rule 9(b) of the Rules Governing Habeas Corpus Proceedings. 28 U.S.C. foll. Sec. 2254 Rule 9(b). However, the appellee missed this argument and failed to plead abuse of the writ, causing the district court to raise it sua sponte. The state has the burden of pleading abuse of the writ. McCleskey v. Zant, 499 U.S. 467, ----, 111 S.Ct. 1454, 1470 (1991). While the district court may find abuse of the writ sua sponte, it first must provide a petitioner with an opportunity to respond to this charge. Williams v. Whitley, 994 F.2d 226, 231-32 (5th Cir.1993). Gebreamlak did not receive such an opportunity.
 
 
 6
 We need not remand to the district court to permit Gebreamlak to make a response, however, because alternative grounds are sufficient to sustain the district court's dismissal of Gebreamlak's petition. Gebreamlak's claims that the trial court erred in not ordering a new trial after the jury deadlocked and in not giving a self-defense instruction are identical to claims that he raised in his first petition for habeas corpus. Gebreamlak v. Vasquez, No. 88-15597 (9th Cir. Dec. 8, 1989). Since we find no reason to reconsider these claims, dismissal was appropriate. 28 U.S.C. foll. Sec. 2254 Rule 9(b); Sanders v. United States, 373 U.S. 1, 15 (1963); Harris, 949 F.2d at 1511.
 
 II
 
 7
 We decline to consider Gebreamlak's claim of prosecutorial vindictiveness for the same reason. Gebreamlak alleges that the state impermissibly retaliated against him after the jury was hung by seeking instruction of the jury on lesser charges. Since this court determined in Gebreamlak's first habeas petition that Gebreamlak himself requested the lesser instruction on assault with a deadly weapon (the charge under which he was convicted) and rejected Gebreamlak's claim that the trial court should not have given additional instructions. Since Gebreamlak's new claim is merely a slight variation of what he alleged in his first petition, it should be dismissed. Harris, 949 F.2d at 1511.
 
 III
 
 8
 Finally, Gebreamlak asserts a claim for ineffectiveness of counsel relating to an argument that he raised in his first petition--that the California appellate court failed to conduct an independent review of the record of his trial. Gebreamlak's petition yields no clue as to how his counsel purportedly was ineffective and, thus, does not explain how this claim differs from the claim he raised in his first petition. Summary dismissal of a habeas claim is appropriate "where the allegations in the petition are vague or conclusory." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (internal quotations omitted). Gebreamlak's claim meets this standard.
 
 The judgment of the district court is
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert L. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Gebreamlak argues that the district court erred in failing to enter a default against the state for its failure to respond to his claims regarding a self-defense instruction and ineffective assistance of counsel. Default was not appropriate, however, because the state did, in fact, respond to the self-defense instruction claim, the ineffective claim regarding his sentencing was moot, and his ineffectiveness claim regarding his state appeal was so cryptic and obscure as to excuse any failure to respond to it