19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard W. BEWLEY, Jr., Defendant-Appellant.
 No. 93-55834.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard W. Bewley, Jr., a former federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. We dismiss this appeal as moot.
 
 
 3
 In October 1991, Bewley pleaded guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) & 846. In April 1992, the district court sentenced him to twenty-one months of imprisonment, to be followed by five years of supervised release. In his section 2255 motion, Bewley alleged that various errors had occurred at his sentencing hearing and requested that he be resentenced to a lesser term of imprisonment.
 
 
 4
 Bewley served his prison term and was released from federal custody on January 7, 1994. Because Bewley did not challenge his conviction but rather challenged only his 21-month prison term, the completion of that term renders his appeal moot. See Lane v. Williams, 455 U.S. 624, 631-33 (1982) (challenge to sentence is moot once the sentence has been served); Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir.1986) (same).[1] Accordingly, we lack jurisdiction over this appeal. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) ("[f]ederal courts lack jurisdiction to decide moot cases"), cert. denied, 475 U.S. 1019 (1986).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 21 U.S.C. Sec. 841(b)(1)(A)(ii), the imposition of a five-year term of supervised release was mandatory. Thus, the fact that Bewley is now serving his term of supervised release does not create a live case or controversy. Cf. United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc) (challenge to sentence not moot where defendant had completed prison term but was serving two-year term of supervised release because supervised release was not mandatory for defendant's offense)