28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Douglas ZUBICK, Defendant-Appellant.
 No. 93-50419.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1994.*
Decided June 27, 1994.
 
 1
 Before: FARRIS, O'SCANNLAIN and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Mark D. Zubick appeals the district court's refusal to modify the contents of his pre-sentence report. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2255. We dismiss the appeal because it is moot.
 
 
 4
 Zubick contends that the inclusion of the $68,191 loss figure in his presentence report led the Parole Commission to calculate his offense severity rating as a "category four" at his parole hearing on the six year sentence imposed by Judge Davies in a separate criminal case, Case No. CR 88-157(A)-JGD. However, in CA No. 92-56341 we vacated the sentence imposed by Judge Davies and remanded for resentencing.
 
 
 5
 The test for mootness on appeal is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988). An action is not moot where the wrong complained of is "capable of repetition, yet evading review." Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987).
 
 
 6
 We assume, based on the record before us, that Zubick has not been resentenced in Case No. CR 88-157(A)-JGD. Because he has not been resentenced, it is not clear when and if Zubick will go before the Parole Commission again. If he does go before the Parole Commission, it is pure speculation whether the Parole Commission will continue to consider him a "category four" offender. Cf. Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir.1986) ("The possibility that the imposition of a prison sentence may appear relevant to a judge or a parole commission in subsequent proceedings does not constitute actual harm."). Finally, while this is the type of harm that is capable of repetition (the Parole Commission could continue to consider the $68,191 loss figures in the event Zubick once again appears before it), it would not evade review. Zubick can seek relief if and when the Parole Commission makes another unfavorable ruling.
 
 
 7
 There is currently no "case or controversy." The appeal is therefore dismissed.
 
 
 8
 APPEAL DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3