91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Anthony HUNGERSCHAFER, Petitioner-Appellant,
v.
PEOPLE OF the STATE OF CALIFORNIA; Brad Gates, Sheriff,
Respondents-Appellees.
 No. 95-56761.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Anthony Hungerschafer appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea conviction for driving while under the influence of alcohol. Hungerschafer contends that the district court erred by failing to hold an evidentiary hearing and permit discovery on his claims that his attorney was ineffective during his guilty plea to driving under the influence of alcohol and at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a petition for writ of habeas corpus, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 3
 Hungerschafer contends that his attorney failed to advise him before he pleaded guilty of blood test results obtained by an expert that Hungerschafer hired. He alleges that he would not have pleaded guilty had he known of the results.
 
 
 4
 To succeed on a claim that a guilty plea is involuntary based upon ineffective assistance of counsel, the defendant must show that there is "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant ... will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill, 474 U.S. at 59. This assessment depends in large part on whether the evidence likely would have changed the outcome at trial. Id.
 
 
 5
 Here, Hungerschafer was charged with driving under the influence of alcohol, driving with a blood-alcohol level greater than .08%, destroying evidence, and giving false information to a police officer. All but the first charge were dismissed in exchange for his guilty plea. In California, a person may be convicted of driving while under the influence of alcohol without proof of any particular level of alcohol in the blood. See Cal.Veh.Code § 23152(a) (West 1985 & Supp.1995); Burg v. Mun. Court, 673 P.2d 732, 735-37 (Cal.1983), appeal dismissed and cert. denied, 466 U.S. 967 (1984). Hungerschafer does not allege that the test results were the only proof that he was under the influence of alcohol at the time he was arrested. Thus, although the expert's blood test results were relevant to the charge of driving with a high blood-alcohol level, Hungerschafer has not shown that the expert's test results and testimony would have affected the outcome of a trial on the charge to which he pleaded guilty. Moreover, had Hungerschafer proceeded to trial, he also faced charges of lying to a police officer and destroying evidence. The test results would have had no impact on his prospects for prevailing on these charges at trial. Accordingly, because Hungerschafer failed to show that the test results would have led counsel to change his recommendation as to the plea, no prejudice resulted from counsel's actions. See Hill, 474 U.S. at 59.[1]
 
 
 6
 Because Hungerschafer has served his sentence and satisfied all conditions of his probation, we agree with the district court that Hungerschafer's various claims attacking his sentence are moot. See Lane v. Williams, 455 U.S. 624, 631-33 (1982); Aaron v. Pepperas, 790 F.2d 1360, 1361-62 (9th Cir.1986). Hungerschafer failed to allege facts entitling him to relief; therefore the district court did not abuse its discretion by failing to hold an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). Finally, because Hungerschafer did not specify what he hoped to obtain through discovery, the district court acted within its discretion by denying Hungerschafer's discovery request. See Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also find no error in the district court's denial of Hungerschafer's motion to amend and augment the state record. Hungerschafer sought to introduce documents showing that the state court has since declared him factually innocent of the charges dismissed pursuant to his guilty plea. The fact that Hungerschafer obtained a proforma dismissal of these charges several years after his guilty plea conviction has no relevance here