**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4252

JOHN SCOTT MEREDITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CR-90-129)

Submitted: October 15, 1996

Decided: November 6, 1996

Before NIEMEYER and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Franklin A. Swartz, Calvin R. Depew, Jr., RABINOWITZ, RAFAL,
SWARTZ, TALIAFERRO & GILBERT, P.C., Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, James A. Met-
calfe, Assistant United States Attorney, Monte Kuligowski, Third
Year Law Student, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Meredith appeals from a district court order revoking his term of supervised release imposed pursuant to his convictions for mail and bank fraud. The order revoking Meredith's supervised release imposed a five-month term of incarceration which expired on August 6, 1996, and no further term of supervised release. Although the parties have not raised the issue in their briefs, Meredith's release from custody compels us to raise the issue of mootness sua sponte. See United States v. Smith, 991 F.2d 1468, 1470 (9th Cir. 1993). A case is generally moot when the issues presented are no longer "live" or the parties lack a "legally cognizable interest in the outcome." Nakell v. Attorney Gen. of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). Exceptions to the mootness doctrine arise where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition yet evading review. Id. at 322.

Despite Meredith's release, his case would not be moot were he challenging his underlying conviction, because of the civil disabilities that continue to flow from a criminal conviction even after the expiration of a sentence. See Carafas v. La Vallee, 391 U.S. 234, 237 (1968). Moreover, if Meredith were challenging the district court's adjudication of his conduct which predicated the decision to revoke his supervised release, the action would arguably not be moot because of the nonstatutory collateral consequences to which such a finding might subject him. See United States v. Parker , 952 F.2d 31, 33 (2nd Cir. 1991).

In this case, however, it is undisputed that Meredith committed the acts which caused the court to revoke his supervised release. Meredith admits that he repeatedly disregarded the instructions of his probation officer and the district judge to avoid involvement in real estate trans-

2

actions except on his own behalf during his period of supervised release. He contends, however, that these instructions constituted a modification of the terms of his supervised release, and that the district court erred by modifying the terms without conducting a hearing.

Were we to agree with Meredith, however, and vacate the district court's order, the potential collateral consequences which might flow from the conduct which prompted the court to reimprison him would persist. See Lane v. Williams, 455 U.S. 624, 633 (1982); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). The consequences to Meredith would be unaffected by a declaration that the revocation of his supervised release is void. Id. We therefore conclude that the collateral consequences rule is inapplicable to this case.

Even more clearly, this situation is not capable of repetition, yet evading review. Meredith will not encounter this situation again unless he is convicted of another crime, a possibility he is legally obligated to prevent. Accordingly, this appeal is dismissed as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3