**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD EUGENE PIERCE, | No. 09-35781 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00705-MA |
| v. | |
| J. E. THOMAS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and Submitted October 4, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Ronald Eugene Pierce appeals the district court's denial of his petition for

writ of habeas corpus under 28 U.S.C. § 2241. Like the district court, we conclude

that because Pierce was already transferred to a residential reentry center ("RRC")

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to 18 U.S.C. § 3624, his claim is moot. Indeed, at this point Pierce is out of the custody of the Bureau of Prisons altogether. Accordingly, we affirm.

We are not persuaded that the possibility of modifying the terms of Pierce's supervised release pursuant to 18 U.S.C. § 3583(e) constitutes an adequate remedy preventing the case from being moot. Unlike the petitioners' claims in *Serrato v. Clark*, 486 F.3d 560 (9th Cir. 2007), and *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005), Pierce's challenge does not implicate over-incarceration concerns. Time served in an RRC pursuant to 18 U.S.C. § 3624 and 18 U.S.C. § 3621 is merely a portion of the term of imprisonment, and therefore Pierce's objection is to the location of imprisonment and not the length of imprisonment. *See* 18 U.S.C. § 3624(c)(1). Moreover, we conclude that there is no reasonable expectation that Pierce will be subject to these RRC policies again, and that Pierce's claims are not "capable of repetition, yet evading review." *See Cox v. McCarthy*, 829 F.2d 800, 803, 804 n.3 (9th Cir. 1987). Pierce's substantive objections to the RRC policies are adequately raised in *Sacora v. Thomas*, Case No. 10-35553.[1]

**AFFIRMED**.

---

[1] This case was argued together with *Sass v. Thomas*, Case No. 09-35830, and *Sacora v. Thomas*, Case No. 10-35553.

2