**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DAVID ALLEN MARKILLIE,<br><br>Defendant-Appellant. | No. 20-10151<br><br>D.C. No.<br>4:17-cr-01472-JAS-BGM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted June 17, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

David Markillie pleaded guilty to one count of Armed Bank Robbery, 18 U.S.C. § 2113(a), (d), and one count of False Information and Hoaxes, 18 U.S.C. § 1038(a)(1). The district court sentenced him to 54 months' imprisonment and 60 months' supervised release for each count, to run concurrently. Markillie appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings.

1. Markillie argues that his 60-month supervised release term as to Count Two, the false information and hoaxes count, must be vacated or reduced to 36 months because the maximum term of supervised release for a class D felony is three years. *See* 18 U.S.C. § 3583(b)(2) ("the authorized term[] of supervised release . . . for a . . . Class D felony . . . [is] not more than three years[.]"). The Government concedes plain error. We therefore vacate the supervised release term imposed as to Count Two and remand for the district court to impose a term as to Count Two that does not exceed 36 months.

2. Markillie next argues that Standard Condition 12 of his supervised release is unconstitutionally vague. The Condition provides:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

However, our court has recently held in a published opinion that this exact condition is not unconstitutionally vague. *See United States v. Gibson*, No. 20-10074, slip op. at 12–16 (9th Cir. May 20, 2021). We thus affirm the district court's imposition of Standard Condition 12.

3. Finally, Markillie argues that the district court abused its discretion in

2

concluding that it lacked the authority to impose home detention instead of incarceration. Markillie was released from federal custody on June 11, 2021. This claim is now moot. *See Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987).

**AFFIRMED in part, VACATED in part, and REMANDED.**