**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARIO ARCIGA,

*Petitioner-Appellee,*

v.

SCOTT FRAUENHEIM, Warden

*Respondent-Appellant.*

No. 22-16974

D.C. No.
1:15-cv-01372-
DAD-CDB

ORDER

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted March 7, 2023
Las Vegas, Nevada

Filed April 17, 2023

Before: Richard R. Clifton, Mark J. Bennett, and Roopali
H. Desai, Circuit Judges.

# SUMMARY[*]

## Habeas Corpus

The panel dismissed as moot an appeal by Warden Scott Frauenheim, and remanded with instructions that the district court vacate its orders granting habeas relief and dismiss Mario Arciga's habeas corpus petition.

The Warden conceded that this court could no longer provide meaningful relief to Arciga after the state court's complete vacatur of his original conviction. Although the Warden continued to contest mootness, he did so only on the ground that the district court's alleged legal error was capable of repetition, yet evading review. The panel was not persuaded by this argument as the purported error could be presented on appeal following a district court's rejection of a similar argument by another petitioner, or after a grant of habeas relief by a district court that was stayed by the district court or by this court, or after a grant of relief that was challenged by the warden in that case with sufficient promptness to permit this court's effective review before release was required under the terms of the district court's order, or under other circumstances.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

David A. Eldridge (argued) and Brian R. Means, Deputy Attorneys General; Tami M. Krenzin, Supervising Deputy Attorney General; Michael P. Farrell, Senior Assistant Attorney General; Rob Bonta, Attorney General of California; Office of the California Attorney General; Sacramento, California; for Respondent-Appellant.

David M. Porter (argued) and Jerome Price Jr., Assistant Federal Public Defenders; Heather E. Williams, Federal Public Defender; Federal Public Defender's Office; Sacramento, California; for Petitioner-Appellee.

**ORDER**

This appeal is dismissed with prejudice as moot. Appellant Warden has conceded, in his March 15, 2023 letter to the court (Docket No. 30), that this court could no longer provide meaningful relief to Arciga after the state court's complete vacatur of his original conviction. Although the Warden continued to contest mootness, he did so only on the ground that the district court's alleged legal error was capable of repetition, yet evading review. We are not persuaded by this argument as the purported error could be presented on appeal following a district court's rejection of a similar argument by another petitioner, or after a grant of habeas relief by a district court that was stayed by the district court or by this court, or after a grant of relief that was challenged by the warden in that case with sufficient promptness to permit this court's effective review before release was required under the terms of the district court's order, or under other circumstances. *Cf. Cox v. McCarthy*, 829 F.2d 800, 803–05 (9th Cir. 1987) (determining that the petitioners' habeas challenge to the constitutionality of a state statute did not meet the capable-of-repetition exception, despite the likelihood that no similarly situated claimant could ever satisfy the exception, "[b]ecause other inmates subject to [the challenged statute] may bring a class habeas action to resolve the ex post facto claim[.]").

Because the case became moot during the pendency of the appeal, we conclude that the district court's orders granting habeas relief should be vacated.[1] We remand the matter to the district court with instructions to dismiss

---

[1] This vacatur should not be read as expressing an opinion on the merits of the district court's orders.

Arciga's petition. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950).

Each party to bear its own costs.

**APPEAL DISMISSED; REMANDED with instructions to vacate and dismiss.**