**Robert R. REIMERS,**
**Plaintiff–Appellant,**

v.

**STATE of OREGON, et al.,**
**Defendants–Appellees.**

No. 86–4366.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1988.

Decided May 13, 1988.

As Amended on Denial of
Rehearing Jan. 4, 1989.

David C. Force, Eugene, Or., for plaintiff-appellant.

Jerome Lidz and David Schuman, Asst. Attys. Gen., State of Or., for defendants-appellees.

Before HALL and O'SCANNLAIN, Circuit Judges, and KELLER,* District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Robert Reimers appeals from the entry of summary judgment on his 42 U.S.C. § 1983 action for violation of both the free exercise and the establishment clauses of the first amendment. We have jurisdiction under 28 U.S.C. §§ 1291, 636(c)(3) and we affirm.

**I.**

Reimers was a prisoner in Oregon State Penitentiary (OSP) from 1982 to 1985 and was a practicing member of the United Pentecostal Church during that time. While at OSP Reimers attended group Bible study sessions and group worship services conducted by Pastor Albert Dillon. Pastor Dillon was a Pentecostal minister who visited OSP to provide religious instruction as a volunteer minister.

Father James Jacobson, a Roman Catholic priest, and Myron Henry, a United Methodist minister, were employed by OSP as prison chaplains. In this capacity, they coordinated the activities of volunteer ministers such as Pastor Dillon. Jacobson and Henry determined that Pastor Dillon was violating an OSP regulation that prohibited proselytizing by clergymen. After warning Dillon about his conduct, they prohibited him from conducting future Bible study or worship services at OSP.

**II.**

We review de novo a grant of summary judgment. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court[1] correctly applied the relevant substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

Reimers claims that because the defendants barred Pastor Dillon from OSP, thus denying him access to Dillon, Reimers was prevented from engaging in the religious practices of his faith, namely Pentecostal Bible study and worship services with Pastor Dillon. He claims this denied his right to the free exercise of religion.[2]

Although free exercise rights do not terminate at the prison door, *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir.1987), free exercise rights necessarily are restricted by the fact of incarceration. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). The free

---

* Honorable William D. Keller, United States District Judge for the Central District of California, sitting by designation.

1. Both parties consented to have a magistrate conduct the proceedings and enter a judgment in this case. *See* 28 U.S.C. § 636(c)(1). Therefore, we treat this appeal from the decision of a magistrate like an appeal from the judgment of a district court. *See id.* § 636(c)(3); *Alaniz v. California Processors,* 690 F.2d 717, 719 (9th Cir.1982).

2. Reimers claims on appeal that the defendants prevented him from participating in or conducting *any* Pentecostal services, instruction, or Bible study. While such acts might support a free exercise claim, a careful reading of Reimers' complaint shows that he alleged only that defendants' refusal to allow access to Pastor Dillon resulted in Reimers' inability to participate in Pentecostal study and worship.

exercise clause does not grant a prisoner the right to visit the clergyman of his choice outside prison walls. *See Cruz v. Beto,* 405 U.S. 319, 324, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972) (Rehnquist, J., dissenting). Likewise, a prisoner is not entitled to have the clergyman of his choice provided for him in the prison. *Allen v. Toombs,* 827 F.2d 563, 569 (9th Cir.1987); *Gittlemacker v. Prasse,* 428 F.2d 1, 4 (3d Cir.1970).

■ Because a prisoner does not have a right to the clergyman of his choice, Reimers cannot be heard to complain that his free exercise rights were violated when the clergyman of his choice was terminated and Reimers no longer could attend worship services or Bible study with that clergyman.[3] Therefore, defendants were entitled to judgment as a matter of law on Reimers' free exercise claim.

### III.

■ Reimers also claimed that defendants violated the establishment clause by applying an Oregon statute, Or.Rev.Stat. § 179.375 (1985), to require that a Catholic priest be on the chaplain staff of OSP. We have no jurisdiction to hear this issue because it is moot. *See Cox v. McCarthy,* 829 F.2d 800, 803 (9th Cir.1987).

A moot action is one in which the parties lack a legally cognizable interest in the outcome. *Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the

event that it decides the matter on the merits in his favor." *Garcia v. Lawn,* 805 F.2d 1400, 1402 (9th Cir.1986). That is, whether the court can "undo" the effects of the alleged wrongdoing. *Id.*

The consequences of the state action challenged here—the injury Reimers claims to have suffered while in prison from 1982 to 1985 because of the establishment of religion—cannot be remedied by the declaratory and injunctive relief he seeks. Reimers no longer is in prison; therefore, prospective relief cannot help him. A different result would follow if he sought damages, but that is not the case.

This is not a situation "capable of repetition, yet evading review" to which the doctrine of mootness may not apply. *Cox,* 829 F.2d at 803. A case is "capable of repetition" only when there is a "reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* Courts are reluctant to invoke this doctrine when the possibility of recurrence for the appellant depends upon his own wrongdoing. *Id.* at 804 n. 3. In this case, the possibility of recurrence (being exposed again to the chaplain program at OSP) depends on Reimers committing another crime. Thus, we will not apply the repetition doctrine because Reimers is able, and indeed is required by law, to prevent this from occurring. *See id.*[4]

AFFIRMED.

---

3. We note that this is not a case in which it is alleged that the failure to provide *a* clergyman of one's faith violated the equal protection clause of the fourteenth amendment. *Cf. Cruz v. Beto,* 405 U.S. 319, 322 & n. 2, 92 S.Ct. 1079, 1081 & n. 2, 31 L.Ed.2d 263 (1972); *Allen,* 827 F.2d at 568–69.

4. Reimers, in his petition for rehearing, argues that we have overlooked *Honig v. Doe,* — U.S. —, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). In *Honig,* there was a reasonable expectation that an emotionally handicapped student would again suffer the deprivation of his federally mandated rights because the student could not control the conduct that precipitated the official

action at issue. Reimers, however, is in control of the type of conduct that will put him in jail again and subject him to the same deprivations alleged in his complaint. It is not reasonable to expect that he will voluntarily commit such an act.

We also note that Reimers cannot claim taxpayer standing on this appeal because he does not challenge the disbursement of state funds on the chaplain program at OSP. *See Doremus v. Board of Education,* 342 U.S. 429, 433–35, 72 S.Ct. 394, 396–98, 96 L.Ed. 475 (1952). Instead, he complains about the requirement that a specific religion, Roman Catholicism, be represented on the chaplain staff.

Reimers also claims that the establishment clause has been violated because Father Jacobson gives his paycheck from the state to the Jesuit order to which he belongs. This claim is meritless. Father Jacobson may do what he pleases with his paycheck without any violation of the establishment clause. *See Witters v.* *Washington Department of Services for the Blind,* 474 U.S. 481, 486–87, 106 S.Ct. 748, 751–52, 88 L.Ed.2d 846 (1986).