958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin Philip ZVENIA, Petitioner-Appellant,
v.
Chris J. OWENS, Respondent-Appellee.
 No. 91-15563.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992*.
Decided March 17, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zvenia, a former federal prisoner, filed a habeas corpus petition contending that he was entitled to an extradition hearing before being transferred to the State of Nevada pursuant to an interstate detainer request. He appeals the district court's denial of his petition. We review a habeas corpus petition de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 
 3
 The government contends that this question is moot because Zvenia has already been transferred to Nevada state authorities. Generally, a petition for habeas corpus becomes moot when a prisoner is released from custody before the court is able to address the merits of the petition. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). An exception to the rule is where the prisoner can show that he will suffer collateral legal consequences if the challenged conviction is allowed to stand. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). In Carafas, for example, the prisoner demonstrated that he was unable to engage in certain businesses and he could not vote nor serve on a jury. Id.
 
 
 4
 Here, the petitioner is not requesting that his conviction be overturned. Instead, he is petitioning this court to reverse the district court's denial of his habeas corpus petition. After that denial, there was no stay of the district court's dismissal, and the petitioner was transferred to the state of Nevada. Since the appellant in this appeal is seeking relief against the United States, and he is no longer in federal custody, this appeal is moot. This court cannot give any effective relief to the appellant if it decides in his favor. Reimers v. Oregon, 863 F.2d 630 (9th Cir.1988).
 
 
 5
 Moreover, as the district court correctly held, the appellant was not entitled to a hearing prior to his transfer from federal custody. The Uniform Crime Extradition Act explicitly grants any prisoner, transferred pursuant to the Act, the right to a pre-extradition hearing. The United States, however, has not adopted the Extradition Act and therefore the appellant as a federal prisoner was not entitled to such a hearing.
 
 
 6
 Zvenia's Motion to Reopen Briefing and to Vacate the Court's Order of December 11, 1991, directing that the case be submitted without oral argument is DENIED. His Request to Take Judicial Notice is GRANTED. His Motion to Augment Citations and Briefs is GRANTED to the extent his desired augmentation is included in his motion dated January 14, 1992. To the extent his motion contemplated submitting further materials, it is DENIED.
 
 
 7
 The district court's denial of Zvenia's Petition for Writ of Habeas Corpus is AFFIRMED.
 
 
 8
 * The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.
 
 
 9
 ** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.