981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. HARRISON, Plaintiff-Appellant,
v.
Rick PADILLA, et al., Defendants-Appellees.
 No. 91-16079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael David Harrison, a former California state prisoner, appeals pro se the district court's denial of his request for preliminary injunctive relief in his 42 U.S.C. § 1983 action as moot. Federal courts lack jurisdiction to decide moot cases; therefore, we review de novo the district court's decision on mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). We affirm.
 
 
 3
 "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (citing Sample, 771 F.2d at 1338). The test for reviewing a district court's finding of mootness is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)). One exception to the doctrine of mootness is a situation where the wrong is "capable of repetition, yet evading review." Id. (citing Cox, 829 F.2d 800, 803 (9th Cir.1987)). "A case is 'capable of repetition' only when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.' " Id. (quoting Cox, 829 F.2d at 803). Moreover, courts are hesitant to apply this exception when the possibility of recurrence for the appellant depends on his own wrongdoing. Id. (citing Cox, 829 F.2d at 804 n. 3).
 
 
 4
 Here, Harrison argues that his action is not moot because although he is not presently incarcerated at Placer County Jail, he has a long history of recidivism and is likely to return there and be subjected to the constitutional violations of which he complains.
 
 
 5
 The possibility of recurrence depends wholly on Harrison committing another crime. See id. Therefore, we will not apply the repetition exception to the mootness doctrine. The district court properly denied Harrison's request for preliminary injunctive relief as moot.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Harrison's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3