985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.M. CHRISTIANSEN, Plaintiff-Appellant,
v.
George H. BUSH; James A. Baker, III, Secretary of State,
Defendants-Appellees.
 No. 92-35345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 5, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 R.M. Christiansen appeals pro se the district court's summary judgment in favor of the defendants in his action seeking (1) a declaration that the United States' and Soviet Union's agreement of June 1, 1990, clarifying the maritime boundaries in the North Pacific Ocean, is void because it transfers sovereignty over United States property in violation of article IV, section 3, clause 2 of the U.S. Constitution, and (2) an injunction precluding Senate ratification of the agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp, 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Alaska Airlines, Inc. v. United airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert denied, 112 S.Ct. 1603 (1992).
 
 
 5
 Christiansen alleged in his complaint that defendants, President George Bush and Secretary of State James A. Baker III, unlawfully entered into an agreement on June 1, 1990 with Foreign Minister Eduard A. Shevardnadze of the Soviet Union. Christiansen alleged that under the terms of the agreement the United States surrenders any claims it may have to the islands of Wrangall, Herald, Bennett, Henrietta and Jeanette in the Arctic Ocean in violation of article IV, section 3, clause 2 of the U.S. Constitution.
 
 
 6
 A review of the record discloses that the agreement between the United States and the Soviet Union was meant to establish a maritime boundary between the United States and the Soviet Union in the North Pacific Ocean, the Bering and Chukchi Seas, and the Arctic Ocean. The agreement "resolves differences with respect to where each party has the right to manage fisheries and oil and gas exploration and development...." The agreement does not relinquish any property of the United States. Furthermore, even if the agreement did transfer property, this would not be in violation of the Constitution. See, Edwards v. Carter, 580 F.2d 1055, 1059 (D.C.Cir), cert. denied, 436 U.S. 907, (1978).
 
 
 7
 Accordingly, there are no issues of material fact, and the district court did not err by granting the defendants' motion for summary judgment. See Alaska Airlines, 948 F.2d at 539.
 
 II
 Injunctive Relief
 
 8
 A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986). Federal courts lack jurisdiction to decide moot cases because "their constitutional authority extends only to actual cases or controversies." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986).
 
 
 9
 In this case Christiansen sought to enjoin the President from submitting the agreement to the Senate for ratification. The President, however, has already done so and, on September 16, 1991, the Senate reported favorably on the agreement. On December 3, 1991, the President signed the agreement into law. Accordingly, because no court can grant the relief Christiansen desires in his request for an injunction, his appeal from the denial of his request is moot. See Sample, 771 F.2d at 1338. This part of Christiansen's appeal is therefore dismissed.
 
 
 10
 AFFIRMED IN PART and DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3