988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Lee RACINOWSKI, Petitioner-Appellant,
v.
Wayne SEIFERT, Warden, Respondent-Appellee.
 No. 92-55818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-6061-RSWL; Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 APPEAL DISMISSED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Racinowski, a former federal prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. The district court dismissed the habeas petition without prejudice on the ground that Racinowski should present his claims in a 28 U.S.C. § 2255 motion to the sentencing court in Oregon. Federal courts lack jurisdiction to decide moot cases. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). We dismiss.
 
 
 3
 "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988) (citing Sample, 771 F.2d at 1338). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)).
 
 
 4
 In his appeal, as in his original habeas petition and both motions for reconsideration, Racinowski seeks release from custody on the basis that he has completed the full duration of the sentence imposed on December 21, 1987 for violation of his probation. Since the filing of this appeal, Racinowski has been released from custody. The relief sought has been granted via a section 2255 motion on a collateral matter which also challenged the December 1987 probation revocation. Therefore, this court could not grant him any more effective relief even if we ruled in his favor on the merits.
 
 
 5
 Moreover, there are no collateral consequences to prevent the dismissal of this case as moot. Zal v. Steppe, 968 F.2d 924, 926 (9th Cir.), cert. denied, 113 S.Ct. 656 (1992). Racinowski did not challenge the underlying conviction, or even the revocation of his probation and subsequent incarceration. Rather, he sought a determination that he had completed the sentence imposed and release from custody. He has received that relief. Therefore, we dismiss this appeal as moot. See Reimers, 863 F.2d at 632.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3