993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco J. SOTO, Defendant-Appellant.
 No. 92-10182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1993.
Decided May 19, 1993.
 
 Before: REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Francisco J. Soto appeals the sentence and restitution ordered by the district court in the revocation of his probation for Illegal Entry, in violation of 8 U.S.C. § 1325, and Student Loan Fraud, in violation of 20 U.S.C. § 1097(a). The district court revoked Soto's probation for those offenses after he was arrested in Arizona for conspiracy to sell marijuana, and sentenced him to a twelve month concurrent sentence on each of the two counts. Soto now challenges the district court's order, alleging 1) the twelve month sentence for the misdemeanor illegal entry conviction exceeded the statutory maximum; 2) the district court erred in imposing restitution; and 3) "excessive delay" in the appointment of appellate counsel violated due process.[1]
 
 
 3
 We modify the restitution order and affirm the district court in all other respects.
 
 
 4
 * Appellant first maintains the one year sentence he received for his conviction for illegal entry, 8 U.S.C. § 1325, exceeds the statutory maximum for that offense. We review de novo the legality of a sentence. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988).
 
 
 5
 The maximum sentence for misdemeanor illegal entry is six months. 8 U.S.C. § 1325(a). Thus, as the government concedes, Soto's twelve month sentence was "in excess of the permissible statutory penalty for the crime" and therefore illegal within the meaning of Fed.R.Crim.P. 35(a). United States v. Minor, 846 F.2d 1184, 1187 (9th Cir.1988) (quotations omitted).
 
 
 6
 However, this issue has been rendered moot by Soto's release from incarceration on December 31, 1992. "A moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988). " 'The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides that matter on the merits in his favor.' " Id. (quoting Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986)). Because Soto has already completed his sentence, we cannot give him any effective relief even if we were to determine the misdemeanor sentence was imposed illegally. Because Soto was not sentenced to a term of supervised release, a reduction in his sentence would not affect that portion of his sentence either. United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991).
 
 
 7
 The courts recognize an exception to the mootness rule if the petitioner can show he will suffer some collateral legal consequences if a challenged conviction is allowed to stand. Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). If Soto were seeking to vacate his original convictions, then the collateral consequences would be sufficient to overcome mootness. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.1987) (citing Sibron v. New York, 392 U.S. 40, 54-55 (1968)). However, Soto does not challenge either the underlying conviction or the revocation of his probation and subsequent incarceration. Instead, he challenges only the length of an already completed sentence.
 
 
 8
 Soto argues the issue is not moot because the allegedly erroneous misdemeanor sentence has collateral consequences. Soto maintains in his brief that "a second felony conviction adds Criminal History points under Guidelines." This argument is without merit. The district court's imposition of a twelve month sentence did not somehow convert Soto's misdemeanor illegal entry conviction into a felony conviction under the Sentencing Guidelines. Furthermore, where the underlying offenses are related and the sentences are served concurrently, as they were here, the longest sentence of imprisonment is used in determining criminal history points under the Sentencing Guidelines. U.S.S.G. § 4A1.2(a)(2). See also United States v. Palmer, 946 F.2d 97, 99 (9th Cir.1991). In any event, Soto has one unchallenged twelve month sentence which would be counted under the Guidelines.
 
 
 9
 Soto has suffered no adverse direct or collateral consequences as a result of the imposition of the erroneous twelve month sentence for his misdemeanor conviction and thus this issue is moot.[2]
 
 II
 
 10
 Appellant challenges the alleged order by the district court that he pay $8,750.00 in restitution to the government for the illegally acquired student loans. Although such restitution was ordered by the district court as a condition of probation in 1989, the district court granted a government order remitting this restitution on July 9, 1991, because Soto had been deported to Mexico. At the revocation of Soto's probation on February 24, 1992, the district court recognized the restitution had been remitted and observed that the government would have to collect those funds "some other way."
 
 
 11
 The written order of the court at the probation revocation, however, is somewhat ambiguous on this account:
 
 
 12
 Restitution was ordered by the Court in the amount of EIGHT THOUSAND SEVEN HUNDRED FIFTY ($8,750.00) DOLLARS and special assessment was imposed in the amount of FIFTY ($50.00) DOLLARS, can be collected under the Inmate Financial Responsibility Program.
 
 
 13
 Soto argues, and the government agrees, that this order conflicts with the clear intention of the court during the sentencing proceeding not to order restitution because of the previous order of remission. We agree. From the face of the order, it appears the court may only have been referring to restitution which had previously been ordered and was not reimposing that restitution at the probation revocation. In any event, it is clear to us the intent of the district court was not to reimpose restitution. However, Soto must pay the fifty dollar special assessment.
 
 
 14
 The ambiguous order of the district court is modified to reflect the court's stated intention that appellant be relieved of the restitution order, but pay the fifty dollar special assessment.
 
 III
 
 15
 Soto finally argues his sentence should be vacated because there was "excessive delay" in the appointment of appellate counsel. Soto was sentenced on March 4, 1992, but appellate counsel was not appointed until August 26, 1992.
 
 
 16
 Even if there was some due process violation in the "excessive delay" in the appointment of counsel in this case, this court can provide no relief. We assume that Soto is seeking only the vacation of the sentence imposed for the misdemeanor illegal entry conviction, as he did not contest the twelve month felony conviction in this appeal. As we have already discussed in section I infra, that sentence has been served in its entirety, with Soto suffering no adverse collateral consequences. Thus this aspect of his appeal is likewise moot.[3]
 
 
 17
 The order of the district court is AFFIRMED in part and MODIFIED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Soto also argues the appeal waiver provision in his plea agreement does not bar this appeal. Because the government readily concedes this issue and raises no such bar, there is no issue for us to consider
 
 
 [2]
 We note that even if this issue were not moot, the sentencing error constitutes harmless error. Soto does not appeal the twelve month sentence he received for his violation of 20 U.S.C. § 1097(a), Student Loan Fraud, a Class D felony for which he could have received five years imprisonment. The district court imposed the two sentences to run concurrently. Thus it was harmless error that the concurrent misdemeanor sentence was for twelve instead of the maximum six months, as in any event Soto would have had to serve twelve months for the felony conviction
 
 
 [3]
 Even if this issue were not moot, Soto has suffered no prejudice as a result of any "excessive delay" and thus no due process violation has occurred, United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir.), cert. denied, 498 U.S. 963 (1990), because Soto did not challenge the twelve month felony sentence which ran concurrently with the misdemeanor sentence he is contesting. See n. 2