17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerome F. VALENTA, Plaintiff-Appellant,
v.
James GOMEZ, Director, California Department of Corrections,
Defendant-Appellee.
 No. 93-15271.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome F. Valenta appeals pro se the district court's order denying a preliminary injunction and declaratory relief. In his 42 U.S.C. Sec. 1983 action, Valenta claimed that the Avenal State Prison law library was constitutionally deficient and that his legal mail was read by prison officials. Valenta sought a preliminary injunction to prevent defendants from interfering with his discovery by denying him photocopies. We conclude that Valenta's claim for injunctive relief is moot, and we dismiss the appeal.
 
 
 3
 Federal courts lack jurisdiction to decide moot issues. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). Generally, a claim becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id. However, "review [can] be had where there [is] injury that [is] capable of repetition, yet evading review." Id. at 1339. A case is "capable of repetition" only when there is a "reasonable expectation that the same complaining party will be subjected to the same action again." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1989).
 
 
 4
 Generally, a prisoner's request for injunctive relief is mooted by the end of incarceration. Id.; Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986).
 
 
 5
 Here, Valenta filed his action while confined at Avenal State Prison. Sometime between March and June of 1992, Valenta was transferred to Corcoran State Prison. On 11 August 1992, Valenta sought injunctive relief on the grounds that certain personnel at the Corcoran State Prison were obstructing his ability to litigate his action.
 
 
 6
 On 10 December 1993, the appellees filed a motion in this court to dismiss this appeal as moot because Valenta was paroled on 27 September 1993. Because Valenta is no longer incarcerated a preliminary injunction preventing appellees from interfering with his discovery cannot help him. See Reimers, 863 F.2d at 632. Moreover, because Valenta has been paroled, we conclude that there is little expectation that Valenta will be subjected to the same action again. See id. Therefore, this is not a situation "capable of repetition, yet evading review." See id.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3