15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Holger KREUZHAGE, Petitioner-Appellant,
v.
Clifford E. FLOYD, Warden; U.S. Parole Commission,
Respondents-Appellees.
 No. 93-55726.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Holger Kreuzhage, a former federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 habeas petition. He contends that the United States Parole Commission erred in establishing his parole release date. We dismiss the appeal for lack of jurisdiction because this action is moot. See Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988).
 
 
 3
 Where a federal prisoner seeks release on parole and does not challenge the validity of his original conviction, his Sec. 2241 petition becomes moot once he is released on parole. Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988); see also Reimers, 863 F.2d at 632 (moot action is one in which parties lack a legally cognizable interest in outcome of proceedings). The possibility of parole revocation does not present an issue which is "capable of repetition, yet evading review." Id. (citations omitted). In addition, the possibility of eligibility for early termination of parole supervision does not circumvent mootness. See Fendler, 846 F.2d at 555 (federal prisoner may seek review of his eligibility for early termination of parole by applying to the Parole Commission directly).
 
 
 4
 Here, Kreuzhage's sole contention is that the Parole Commission violated its own guidelines and the due process clause of the Constitution in establishing his parole release date. He argues that the Parole Commission erred in rating his offense behavior as "Category Seven" and in applying the top range of the guidelines (eighty months). Kreuzhage claims that the Parole Commission's error resulted in a later parole release date. Since Kreuzhage has now been released on parole and does not challenge his original conviction, he lacks a legally cognizable interest in the outcome of this action. See Reimers, 863 F.2d at 632; Fendler, 846 F.2d at 555. Accordingly, we dismiss this action as moot. See Reimers, 863 F.2d at 632.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kreuzhage's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3