19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Douglas ANDREWS, Plaintiff-Appellant,
v.
Al NOREN, Sheriff of Santa Cruz County; George Foster, Lt.,
Santa Cruz Jail Administrator; Ramona Brooks, Head Nurse of
Santa Cruz County Jail; Al Gomez, Warden of Duell
Vocational Institute, Defendants-Appellees.
 No. 92-16824.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided March 2, 1994.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Douglas Andrews, a former California state prisoner, appeals pro se the district court's orders granting dismissal in favor of defendant Brown and summary judgment in favor of the remaining defendants in his 42 U.S.C. Sec. 1983 action. We affirm as to Andrews's claims of inadequate training and deliberate indifference to serious medical needs. We also affirm the district court's dismissal in favor of defendant Ward Brown. With respect to Andrews's claim that the defendants unconstitutionally denied him smoke-free housing, however, we reverse and remand.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Prior to his imprisonment in August 1989, Andrews was diagnosed with bronchial asthma and "idiopathic dilated cardiomyopathy," a chronic heart condition. Shortly after Andrews began his incarceration in the Santa Cruz County Jail, he was hospitalized for surgical treatment of an abscessed tooth.
 
 
 4
 After approximately one month in the Santa Cruz jail, Andrews was transferred to Duell Vocational Institute (DVI). Andrews saw a physician shortly after his arrival and requested appropriate medication, smoke-free housing, an egg-crate mattress, a low-sodium diet, and an inhaler for his asthma. Andrews instead found himself housed with a smoking cellmate and experienced delays in receiving the other items and care he requested. Within two days, however, Andrews obtained prescribed medication in the proper doses. Within ten days, prison officials granted Andrews's formal appeal requesting a nonsmoking cell.
 
 
 5
 On October 24, 1989, Andrews was transferred to the California Medical Facility-South (CMF-South). Andrews visited a doctor that day and repeated the medical requests he had made at DVI. After some confusion in the first week following this request, CMF-South medical staff corrected Andrews's prescriptions. However, CMF-South did not assign Andrews to nonsmoking housing.
 
 
 6
 On December 7, 1989, a CMF-South cardiologist recommended that Andrews be transferred to the California Medical Facility-Main (CMF-Main) because that facility would be better suited to Andrews's medical needs. This transfer took place on February 14, 1990. In the meantime, Andrews had filed an appeal requesting nonsmoking housing at CMF-South; an assistant warden denied the request as moot upon Andrews's transfer to CMF-Main.
 
 
 7
 At CMF-Main, Andrews renewed his medical requests. Andrews experienced a five-day delay in receiving prescribed medications, an egg-crate mattress, and an asthma inhaler. Although a physician recommended that Andrews be placed in a nonsmoking cell, Andrews was housed with a smoker. Andrews did not file a formal grievance[1] but moved into a nonsmoking cell by his own efforts around March 1991. Andrews was released from prison in July 1992.
 
 
 8
 Andrews filed this 42 U.S.C. Sec. 1983 suit in district court seeking damages from various county and state corrections officials.[2] He alleged that their deliberate indifference to his dental problems and other medical needs constituted cruel and unusual punishment.
 
 
 9
 The district court dismissed Andrews's suit against one state corrections official, Ward Brown, for untimely service. The district court then granted the remaining defendants' motions for summary judgment, finding that Andrews failed to demonstrate that those defendants proximately caused the alleged indifference. Andrews appeals.[3]
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 10
 This court has jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the applicable substantive law. Reimers v. Oregon, 863 F.2d 630, 631 (9th Cir.1989).
 
 III.
 DISCUSSION
 
 11
 On appeal, Andrews alleges that: (1) defendants were deliberately indifferent to his serious medical needs, (2) defendants failed to properly train their employees to meet those needs, (3) defendants failed to provide him with a smoke-free environment, and (4) the district court improperly dismissed his suit against defendant Brown for untimely service.
 
 
 12
 A. Deliberate Indifference to Serious Medical Needs
 
 
 13
 Andrews first contends that the various delays he experienced in obtaining compliance with his medical requests constituted deliberate indifference to his serious medical needs and that the defendants are liable for these delays based on their supervisory positions. This contention lacks merit.
 
 
 14
 A supervisor cannot be held liable under section 1983 based on a respondeat superior theory. See Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir.1992). Rather, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. (citation omitted).
 
 
 15
 Here, even assuming that Andrews's medical needs were serious and that the delays in meeting those needs constituted deliberate indifference, Andrews has failed to set forth any facts that proximately connect these defendants with his alleged injury. The record shows that none of these defendants were personally involved in providing or denying medical treatment to Andrews.[4] Lower level officials resolved his complaints before they even reached the upper echelons. Indeed, Andrews himself attributed direct responsibility for the asserted wrongs to unnamed subordinates and admitted that he sued these defendants solely because of their positions of authority. As defendants cannot be held liable on such a respondeat superior theory, the district court did not err in granting their motions for summary judgment.
 
 
 16
 B. Failure to Properly Train Prison Employees
 
 
 17
 Andrews next argues that defendants should be held liable for inadequately training prison personnel to meet his medical needs. This argument also lacks merit. Andrews has not identified any specific deficiency in defendants' training programs, nor has he set forth facts to support his claim. Instead, he relies on conclusory allegations that "better" training would have prevented the delays in his medical treatment. These allegations are insufficient to survive summary judgment. See Ting v. United States, 927 F.2d 1504, 1512 (9th Cir.1991).
 
 
 18
 C. Failure to Provide a Smoke-Free Environment
 
 
 19
 Andrews next contends that defendants subjected him to cruel and unusual punishment by housing him with smokers despite his heart and lung infirmities. A prisoner who is sensitive to tobacco smoke because of preexisting conditions but is nonetheless housed with smokers may state a claim for cruel and unusual punishment. See Franklin v. Oregon, 662 F.2d 1337, 1346-47 (9th Cir.1981) (involving a prisoner with a throat tumor who was housed with a smoker). Where a prisoner claims that conditions of confinement, as opposed to formal punitive measures, constitute cruel and unusual punishment, he must also show deliberate indifference on the part of the inflicting officers. McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir.1992), aff'd sub nom. Helling v. McKinney, 113 S.Ct. 2475 (1993).
 
 
 20
 Here, defendants concede that Andrews suffered from preexisting medical conditions that rendered him unusually susceptible to the health risks of tobacco smoke. Thus, his prolonged exposure to such smoke may well have been cruel and unusual punishment. Further, the defendants' involvement, if any, in the alleged violation is unclear. While defendants uniformly denied playing any role in Andrews's medical care, they made no mention of housing decisions or policies. Nor did the district court explicitly address this issue as it related to plaintiff's physical condition. Finally, the issue of defendants' mental state is also unresolved. Accordingly, summary judgment as against all defendants other than Brown was inappropriate. We therefore remand to the district court for additional findings on this issue.
 
 D. Dismissal for Untimely Service
 
 21
 Finally, Andrews challenges the district court's dismissal of defendant Ward Brown for untimely service. The district court had previously granted Andrews's motion for default against Brown, but had set aside that default when Brown denied being served. The full chronology of events related to this issue is set out in the margin.[5]
 
 
 22
 The legal principles applicable to these events are as follows. Rule 4(j) of the Federal Rules of Civil Procedure requires a plaintiff to serve process within 120 days after filing a complaint unless he shows "good cause" for not making service within that period. Fed.R.Civ.P. 4(j). Dismissal of a complaint for untimely service is reviewed for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir.1990). However, dismissal is mandatory unless the plaintiff shows good cause for his untimely service. See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992). Further, the good cause exception applies only in limited circumstances. Id.
 
 
 23
 In this case, it is clear that the district court did not abuse its discretion in granting Brown's motion to dismiss. Andrews served Brown nearly two years after filing his complaint and over seven months after Brown's default was set aside. Andrews did not even attempt to show good cause for his untimely service, nor did he move for additional time at any point.
 
 
 24
 In his reply brief, Andrews argues that he served Brown, thereby challenging the district court's decision to set aside Brown's default. Absent manifest injustice, we will not ordinarily consider matters on appeal that are not distinctly raised and argued in appellant's opening brief. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992).[6] We cannot say that any manifest injustice is present here. A district court has broad discretion to set aside a default. See Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir.1986). Where a movant timely seeks relief from default and has a meritorious defense, any doubt should be resolved in his favor so that a case may be decided on its merits. Id. at 945-46. Even if the district court erred in setting aside Brown's default, Andrews had ample time to serve Brown again or to extend the Rule 4(j) deadline. He did neither. Therefore, we affirm the district court's dismissal of Brown.
 
 
 25
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Andrews filed an inmate appeal requesting additional time credits for his stay at CMF-South based on his physical infirmities. The warden at CMF-Main denied this request, and Andrews does not contest that denial here
 
 
 [2]
 Andrews also sought injunctive and declaratory relief. These claims became moot upon his release from prison. See Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1989)
 
 
 [3]
 The current appeal is from the district court's September 30, 1992 judgment in favor of all county and state defendants. Andrews also filed an appeal from the district court's September 18, 1992 order granting summary judgment in favor of the county defendants. That appeal was dismissed for failure to prosecute. The county defendants therefore contend that we lack jurisdiction over the district court's order in their favor. We disagree. The September 30 judgment, and thus our appellate jurisdiction, extends to all defendants, including the county defendants. Because Andrews's appeal from the September 18 order was redundant, its dismissal is of no consequence to our appellate jurisdiction here
 
 
 [4]
 Defendants' interaction with Andrews was limited to the following incidents:
 Defendant George Foster, the main administrator of the Santa Cruz County Jail, received a grievance from Andrews relating to delays in treatment of his abscessed tooth. Foster verified that a doctor visited Andrews that day.
 Defendant E. Ylst, the warden of CMF-Main and CMF-South, denied Andrews's second level appeal for additional time credits on September 5, 1990. Although Andrews referred to his medical condition in connection with that request, he did not request any medical treatment.
 The name of defendant D. Thor, chief medical officer of CMF-Main, appears on some of Andrews's medical request forms. However, Andrews admitted that he had no personal contact with Thor. Apparently, Thor's subordinates signed the medical request forms on Thor's behalf.
 
 
 [5]
 Andrews filed his complaint in this action on August 16, 1990. On July 26, 1991, Andrews moved the district court to enter default against Brown, alleging that he had served Brown in December 1990 and that Brown had failed to answer. Andrews submitted a supporting affidavit from a process server. The court clerk then entered default against Brown
 Brown moved to set aside this default on October 11, 1991. Brown declared that he had not been served and that he did not learn of Andrews's suit until October 4, 1991. The district court granted Brown's motion on November 25, 1991. Andrews did not serve Brown again until August 9, 1992, following the close of discovery. At that point, the district court dismissed Andrews's suit against Brown for untimely service.
 
 
 [6]
 In his opening brief, Andrews asserts only that he made proper personal service on Brown