48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Earl HINES, aka Farda Abdul Ahad Sheheed, Plaintiff-Appellant,
v.
David G. BROWN, District Attorney, Martinez; Richard K.
Rainey, Sheriff, Defendants-Appellees.
 No. 94-15721.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995*.
Decided Feb. 22, 1995.
 
 IN PART, VACATED AND REMANDED IN PART.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner James Earl Hines appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging that he was denied access to legal materials and religious literature while a pretrial detainee at Contra Costa County Jail. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where a litigant appears pro se, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 A. Legal Material
 
 4
 In his complaint, Hines alleged that while he was a pretrial detainee, defendants denied him access to legal materials, postage and a typewriter, and interfered with his legal mail. Hines represented himself at his criminal trial and during his post-trial proceedings.
 
 
 5
 The denial of legal materials to a pretrial detainee who represents himself implicates the Sixth Amendment's right to self-representation. Faretta v. California, 422 U.S. 806, 834-36 (1975); Taylor v. List, 880 F.2d 1040, 1047 (9th Cir.1989). Under the Sixth Amendment, a criminal defendant has the right to reject court-appointed counsel and conduct his own defense. Faretta, 422 U.S. at 834-36. Because Hines represented himself during his criminal proceedings, his legal access claim, if successful, would implicate the validity of his conviction.
 
 
 6
 In order to recover damages in an action brought under 42 U.S.C. Sec. 1983 for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).[1] "A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under section 1983." Id.
 
 
 7
 Here, Hines has not demonstrated that his conviction has been set aside or otherwise invalidated.[2] See id. Accordingly, Hines's Sixth Amendment claim is not cognizable under section 1983. Id. We therefore affirm the district court's dismissal of this claim under section 1915(d).[3]
 
 B. Religious Literature
 
 8
 Hines alleged that on November 11, 1990, he sent a "legal request to the Protestant Chaplain seeking religious material, and that the request was improperly intercepted by the law librarian" and denied.
 
 
 9
 An individual's religious rights do not terminate at the prison door. Reimers v. Oregon, 863 F.2d 630, 631 (9th Cir.1988). A prisoner alleging interference with religious practice by prison officials, however, must show that the interference placed a substantial burden on the prisoner's ability to practice his religion. Bryant v. Gomez, No. 94-15178, slip op. 1279, 1282 (9th Cir. Jan. 31, 1995) (quotations omitted).
 
 
 10
 Here, we cannot tell from the face of Hines's complaint whether he has stated an arguable claim. Given that Hines is pro se, however, he should be given an opportunity to amend prior to the district court dismissing his case. See Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987) (holding that a district court should notify a pro se litigant of the deficiencies of the filed complaint and allow opportunity to amend). We therefore vacate this portion of the district court's dismissal and remand with instructions that the district court provide Hines an opportunity to amend his complaint to state a non-frivolous claim for substantial interference with his religious practice. See id.
 
 
 11
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [2]
 We already have rejected Hines's petition for a writ of habeas corpus raising his Sixth Amendment claim. See Hines v. Gomez, No. 94-15506, unpublished memorandum disposition, (9th Cir. Oct. 7, 1994). Accordingly, there was no need for the district court to construe Hines's action as a petition for habeas corpus. See Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1989)
 
 
 [3]
 See Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986) (we may affirm on any ground finding support in the record)