**Clinton Joseph SLONE, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; et al., Respondents–Appellees.**

No. 07–15364.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

838

Clinton Joseph Slone, Douglas, AZ, pro se.

Karla Hotis Delord, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

■ Arizona state prisoner Clinton Joseph Slone appeals pro se from the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate the district court's judg-

ment and remand with instructions to dismiss the action as moot.

■ The record reflects that the second ground for relief raised in Slone's habeas petition was timely because he filed his petition within one year of discovering the factual predicate for the claim. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts giving rise to a claim).

Slone's timely contention is that his parole-eligibility date was miscalculated based upon application of a statute enacted after he was sentenced, in violation of the Ex Post Facto Clause. However, because Slone has since been granted a parole hearing, at which he is to be considered for retroactive parole, the district court can no longer grant any effective relief even if it were to decide the merits in his favor. *See Reimers v. Oregon,* 863 F.2d 630, 632 (9th Cir.1989). We therefore vacate the district court's decision and direct it to dismiss the action as moot.

**VACATED AND REMANDED** with **instructions to dismiss the action as moot.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.