

**ORIGINAL**

FILED

03/29/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0126

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0126

_____

MAKUEEYAPEE D. WHITFORD,

      Petitioner,

  v.

MONTANA STATE PRISON,
JAMES SALMONSEN, Warden,

      Respondent.

ORDER

_____

Makueeyapee D. Whitford has petitioned for a Writ of Habeas Corpus, arguing "an illegal prison infraction" charged against him "resulted in the illegal restraint of his First Amendment right to the Freedom of Religion, a substantive liberty interest." Facilitating review, Whitford has attached several pertinent documents to the petition.

Whitford is serving a prison sentence for deliberate homicide. *State v. Whitford*, No. DA 15-0379, 2018 MT 195N, ¶ 2, 2018 Mont. LEXIS 260. A prison official found a weapon "tied by a piece of string to Mr. Whitford's window" after a search of his cell on November 15, 2021. Whitford was formally charged with a disciplinary infraction on December 8, 2021, and after a hearing, was found guilty of possessing a weapon. Although he was the only individual living in this cell, he contends "it was automatically assumed that the weapon belonged to [him] . . . ." Whitford states that, as a result, he has been restricted from participating in religious activities, such as Native American Spiritual Gatherings. Whitford contends his restraint is illegal and requests this Court review the disciplinary hearing and the policies and procedures utilized by the Department of Corrections (DOC) in imposing sanctions, and rule that they are unconstitutional as violating the Due Process Clause of the U.S. Constitution.

However, Whitford is not challenging his restraint and his claims are not properly pursued by habeas corpus. *Gates v. Missoula Cty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d

884, 884-85 (1988). Habeas corpus "allows a prisoner to challenge the legal sufficiency of the cause for incarceration." *Gates*, 235 Mont at 262, 766 P.2d at 884-85.

We have explained that due process is a flexible concept and that "the process due an individual varies according to the factual circumstances and the nature of the right at stake." *Jellison v. Mahoney*, 1999 MT 217, ¶ 8, 295 Mont. 540, 986 P.2d 1089 (citing *Sage v. Gamble*, 279 Mont. 459, 464-65, 929 P.2d 822, 825 (1996)). "[W]hen considering the due process rights of inmates, it is exceedingly important to remember that prison disciplinary actions "[take] place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Jellison*, ¶ 8 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 561, 94 S. Ct. 2963, 2977 (1974)). Whitford received preliminary notice of the disciplinary allegation when he was moved to administrative segregation on December 2, and he received written, formal notice of the infraction on December 8. Whitford received an extension of time to prepare for his hearing, upon his request. He appeared in person at his hearing, and he appealed the decision. Whitford was given process that allowed him to challenge the disciplinary decision.

Regarding Whitford's religious exercise claim, substantive liberty interests are narrowed while in prison. "Although the right to freedom of religion does not terminate at the prison door, 'free exercise rights necessarily are restricted by the fact of incarceration.'" *Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 28, 323 Mont. 140, 99 P.3d 171 (quoting *Reimers v. Oregon*, 863 F.2d 630, 631 (9th Cir. 1988) (citing *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S. Ct. 2400 (1987))). The free exercise right "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea*, 833 F.2d at 197 (citing *O'Lone*, 482 U.S. at 348-49, 107 S. Ct. at 2404). Prison officials are charged with maintaining prison security, including actions necessary to address the discovery of illegal weapons, which here constituted the infraction leading to curtailment of Whitford's participation in religious activities.

2

Whitford has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He is not entitled to removal of the rule infraction via this remedy, and has not demonstrated entitlement to release from Maximum Custody. This Court declines to hold that his disciplinary hearing or the DOC's policies and procedures are unconstitutional. *Gates*, 235 Mont. at 262, 766 P.2d at 884-85.

Whitford has filed a Supplemental Filing, stating, "[a]fter further study of the issues, the petitioner. . . .requests that the Court extend this Habeas Corpus action into one for a Writ of Extraordinary Relief," to more broadly review the Prison's disciplinary policy, consider his religious claim as a continuing one, and conduct a hearing. M. R. App. P. 14(2) provides that original proceedings for extraordinary relief must be "commenced and conducted in the manner" provided in statute, unless it is a writ of supervisory control defined in M. R. App. P. 14(3). We decline to consider Whitford's request because he has not set forth and properly supported the extraordinary relief he seeks, based upon Montana statutes. Further, this Court does not conduct factfinding hearings. Whitford may have remedies for such claims that may be properly pursued in a state or federal district court. Therefore,

IT IS ORDERED that Whitford's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Makueeyapee D. Whitford personally.

DATED this 29 day of March, 2022.

_____
Chief Justice

_____

_____

3

Justices